IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DERRICK LYNN HAYNES, 1147049,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:07-CV-2148-G |
| | ) | ECF |
| **RICHARD THALER, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Background**

Petitioner challenges his two convictions for aggravated sexual assault of a child under the age of fourteen.  *State of Texas v. Derrick Lynn Haynes* Nos. F-0234874-IJ and F-0234875-IJ (3rd Crim. Dist. Ct., Dallas County, Tex., Jan. 23, 2003).  He was sentenced to twenty-four years imprisonment on each case, to run concurrently.  On January 5, 2004, the Fifth District Court of Appeals affirmed Petitioner's convictions.  *Haynes v. State*, Nos. 05-03-00201-CR and 05-3-00202-CR (Tex. App. – Dallas, Jan. 5, 2004).  Petitioner did not file a petition for discretionary review.

On June 6, 2006, Petitioner filed two state applications for writ of habeas corpus.  *Ex*

*parte Haynes*, Application Nos. 67,585-01 and -02.  On June 27, 2007, the Court of Criminal Appeals denied the petitions without written order on the findings of the trial court.

On December 15, 2007, Petitioner filed this federal petition.  He argues:

(1)     he is actually innocent;

(2)     his guilty plea was involuntary and his confession was coerced;

(3)     the jury was improperly told that he failed a polygraph examination;

(4)     he received ineffective assistance of trial counsel because his counsel failed to object to the introduction of polygraph evidence;

(5)     he received ineffective assistance of appellate counsel because counsel:

    (a)     failed to inform him of the AEDPA limitations period; and

    (b)     failed to argue that he received ineffective assistance of trial counsel because trial counsel did not object to the polygraph examination evidence.

On June 27, 2008, Respondent filed his answer arguing the petition is time-barred.  On July 14, 2008, Petitioner filed a reply.  The Court now determines the petition is barred by limitations and should be dismissed.

**II.  Discussion**

**A.  Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism

and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

On January 5, 2004, the Fifth District Court of Appeals affirmed Petitioner's convictions. Petitioner did not file a PDR. His conviction therefore became final thirty days later on February 4, 2004. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003). Petitioner then had one year, or until February 4, 2005, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner, however, did not file his state habeas petitions until June 6, 2006. These petitions were filed after the one-year limitations period expired. They therefore

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

did not toll the limitations period.

Petitioner's federal petition was due by February 4, 2005. He did not file his federal petition until December 15, 2007. His petition is therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because he was incarcerated in the Tulia Transfer Facility from 2003 to 2005. He states the Tulia Transfer Facility had an inadequate law library. Petitioner, however, has failed to state how the Tulia law library was inadequate and has failed to state the date he transferred out of the Tulia facility. Petitioner has failed to establish extraordinary circumstances warranting equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 28th day of September, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).